UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| IN RE: JASON ROLAND GRAY,<br><br>Debtor.<br>_____<br><br>TIMOTHY R. KURTZ, solely in his capacity as Chapter 7 Trustee of the bankruptcy estate of the above-referenced Debtor,<br><br>        Plaintiff,<br><br>        v.<br><br>SAMUAL ROLAND GRAY,<br><br>        Defendant. | Bankruptcy Case No. 21-00312-NGH<br><br>Adversary Proceeding Case No. 21-06016-NGH<br><br>United States District Case No. 1:22-mc-00080-DCN<br><br>**MEMORANDUM DECISION AND ORDER** |

## I. INTRODUCTION

Pending before the Court are Defendant Samuel Roland Gray's Motion to Withdraw Reference to the Bankruptcy Court ("Motion to Withdraw") (Dkt. 1) and Motion for Jury Trial (Dkt. 2). Plaintiff Timothy R. Kurtz, Chapter 7 Trustee, opposes the Motion to Withdraw, but does not object to the Demand for Jury Trial. Dkt. 3, at 3 n. 1, 6–9.

Having reviewed the record, the Court finds that the parties have adequately presented the facts and legal arguments in their briefs. Accordingly, in the interest of avoiding delay, and because the Court conclusively finds the decisional process would not be significantly aided by oral argument, the Court decides the pending motions on the record and without oral argument. Dist. Idaho Loc. Civ. R. 7.1(d)(1)(B).

For the reasons stated herein, the Court GRANTS in PART and DENIES in PART Defendant's Motion to Withdraw (Dkt. 1) and GRANTS Defendant's unopposed Motion for Jury Trial (Dkt. 2).

## II. BACKGROUND

On November 29, 2021, Plaintiff commenced an adversary proceeding in the United States Bankruptcy Court for the District of Idaho, 21-06016-NGH ("Adversary Proceeding") against Defendant, seeking to recover several pre-bankruptcy transfers of vehicles by the debtor Jason Roland Gray (the "Debtor") to Defendant—Debtor's father—under 11 U.S.C. §§ 548(a) and 550. The Adversary Proceeding was commenced in connection with a Chapter 7 Bankruptcy Case filed by the Debtor in the United States Bankruptcy Court for the District of Idaho, under case number 21-00312-NGH ("Bankruptcy Case"). Plaintiff is the duly appointed Chapter 7 Trustee in the Bankruptcy Case. In commencing the Adversary Proceeding, Plaintiff seeks to return the vehicles, or the value of such vehicles, to the Debtor's bankruptcy estate. *See generally*, Adv. Proc., Dkt. 1. Defendant is a non-creditor third party, and did not file a proof of claim in the Bankruptcy Case.

On January 14, 2022, Defendant filed his answer in the Adversary Proceeding. *Id*., Dkt. 8. On February 23, 2022, the Bankruptcy Court held a pretrial conference setting various discovery and motion deadlines, and setting this matter for trial on September 27, 2022. *Id*., Dkt. 11. The Bankruptcy Court further ordered Defendant to file a motion to withdraw the reference by March 25, 2022, based on Defendant's objection to the

Bankruptcy Court's constitutional authority to enter final judgment or orders in the Adversary Proceeding. *Id*.

On March 23, 2022, Defendant filed the instant Motion to Withdraw, along with a "Motion and Memorandum in Support of Demand for Jury Trial." Dkt. 1, Dkt. 2. As noted, Plaintiff does not oppose Defendant's request for a jury trial. However, Plaintiff argues the Motion to Withdraw should be denied without prejudice because mandatory withdrawal of reference is inappropriate and permissive withdrawal of reference is premature. Defendant did not respond to Plaintiff's Opposition, and the time for doing so has now passed.

## II. LEGAL STANDARD

Federal district courts have original jurisdiction over cases arising under the Bankruptcy Code. 28 U.S.C. § 1334(a). This Court has exercised its authority under 28 U.S.C. § 157(a) to refer all bankruptcy matters to the District of Idaho's bankruptcy judges. *See Third Amended General Order*, Apr. 24, 1995. Nevertheless, this reference is subject to mandatory or permissive withdrawal, depending on the circumstances. 28 U.S.C. § 157(d). Defendant suggests that both mandatory and permissive withdrawal apply. Dkt. 1, at 3–4.

## III. ANALYSIS

### A. Withdrawal of Reference

Although the parties dispute whether mandatory withdrawal of reference is appropriate, the Court need not resolve the issue because it finds permissive withdrawal is warranted. Section 157(d) provides withdrawal is permissive in any case or proceeding referred to a bankruptcy court upon the district court's own motion, or on a party's timely

motion for "cause shown." 28 U.S.C. §157(d). The statute does not specify what is necessary to show "cause," but courts have identified a variety of factors that may be considered, including: (1) the efficient use of judicial resources; (2) delay and costs to the parties; (3) uniformity of bankruptcy administration; (4) prevention of forum shopping; and (5) other related factors. *Sec. Farms v. Int'l Bhd. of Teamsters, Chauffers, Warehousemen & Helpers,* 124 F.3d 999, 1008 (9th Cir. 1997). "Other related factors" may include "whether the issues are core or non-core proceedings, and the right to jury trial." *See Rosenberg v. Harvey A. Brookstein,* 479 B.R. 584, 587 (D. Nev. 2012) (citation omitted).[1]

Here, because "related factors" are dispositive, the Court does not further address the first four factors.

First, section 157 permits a bankruptcy court to adjudicate a claim to final judgment in two circumstances—in core proceedings, 28 U.S.C. § 157(b), and in non-core proceedings "with consent of all the parties to the proceeding," 28 U.S.C. § 157(c)(2). In the instant case, Defendant explicitly does *not* consent to final adjudication by the Bankruptcy Court. Dkt. 1, at 2. The Court must thus consider whether the Adversary Proceeding is a core proceeding.

---

[1] "Congress permits bankruptcy judges to hear and determine all core proceedings arising under title 11, or arising in a case under title 11." *Rosenberg*, 479 B.R. at 587 (cleaned up). "Core proceedings include, but are not limited to," sixteen different types of matters, including "proceedings to determine, avoid, or recover fraudulent conveyances." 28 U.S.C. § 157(b)(2)(H). However, the Supreme Court has held that final judgment on some core proceedings may not be constitutionally entered. *Stern v. Marshall*, 564 U.S. 462, 482 (2011). This is because certain actions, such as suits at common law, must be decided by Article III courts. *Id*. Congress cannot delegate this authority (as it did in 28 U.S.C. § 157) to Article I courts—such as a bankruptcy court—without violating the doctrine of separation of powers. *Id.* at 483.

The Adversary Proceeding solely involves claims of fraudulent conveyance, and while such claims are statutorily referred to as core proceedings, 28 U.S.C. § 157(b)(2)(H), the Supreme Court has expressly held Article III does not permit fraudulent conveyance claims to be heard by a bankruptcy court. *Exec. Benefits Ins. Agency v. Arkison*, 573 U.S. 25, 38 (2014) ("*Arkison*"); *see also In re Bellingham Ins. Agency, Inc.*, 702 F.3d 553, 561 (9th Cir. 2012), *aff'd* 573 U.S. 25 (2014) ("*Bellingham*") ("Federal law classifies fraudulent conveyance proceedings as 'core' proceedings, but the Constitution prohibits bankruptcy judges from entering a final judgment in such core proceedings."). Thus, although designated for final adjudication in the bankruptcy court as a statutory matter, fraudulent conveyance claims are prohibited from proceeding in that way under Article III. *Arkison*, 573 U.S. at 30–31. When a bankruptcy court is presented with such a claim, "the proper course is to issue proposed findings of fact and conclusions of law. The district court will then review the claim *de novo* and enter judgment." *Id*. at 31. This approach accords with Supreme Court precedent and Article III of the Constitution.[2] *Id.*

Second, a non-creditor—like Defendant here—"retains a Seventh Amendment right to a jury trial on a bankruptcy trustee's fraudulent conveyance claim." *Bellingham*, 702 F.3d at 562 (citing *Granfinanciera, S.A. v. Nordberg*, 492 U.S. 33, 37 (1989)). A defendant's right to a jury trial constitutes cause for withdrawal of the reference. *In re Healthcentral.com,* 504 F.3d 775, 788 (9th Cir. 2007); *In re Cinematronics, Inc.*, 916 F.2d 1444, 1451 (9th Cir. 1990) (agreeing with "several courts [that] have concluded that where

---

[2] The Supreme Court has described such claims as those "designated for final adjudication in the bankruptcy court as a statutory matter, but prohibited from proceeding in that way as a constitutional matter." *Id.*

a jury trial is required and the parties refuse to consent to bankruptcy jurisdiction withdrawal of the case to the district court is appropriate") (citations omitted). As noted, Defendant has not consented to final adjudication by the Bankruptcy Court, has a right to a jury trial, and has also filed a Motion for Jury Trial. .Such facts support withdrawal, and Plaintiff does not challenge Defendant's assertion that he has a substantive right to a jury trial in district court on the fraudulent conveyance claims—the sole claims at issue in the adversary proceeding. Adv. Proc., Dkt. 1.

In sum, the Court finds cause to withdraw the reference to the Bankruptcy Court.

**B. Timing of Withdrawal**

Notwithstanding the aforementioned conclusion, Plaintiff argues, and the Court finds, that efficiency favors keeping the case with the Bankruptcy Court at this stage of the proceedings. Dkt. 3, at 6-7. Defendant's right to a jury trial does not mean the Court must immediately withdraw the reference. Rather, it is permissible for the bankruptcy court to handle all preliminary matters up to the point of trial. *Healthcentral.com*, 504 F.3d at 787 (explaining "a Seventh Amendment jury trial right does not mean the bankruptcy court must instantly give up jurisdiction," and transfer the case to the district court). The Supreme Court has explained that certain claims, like the fraudulent conveyance claims at issue here, may comfortably proceed before the bankruptcy court under the procedure set forth in 28 U.S.C. § 157(c)(1).[3] The Ninth Circuit, and numerous courts, have so held. *Healthcentral.com*, 504 F.3d at 787–88 (collecting cases); *Bellingham*, 702 F.3d at 565

---

[3] This procedure requires a bankruptcy judge to submit proposed findings of fact and conclusions of law to the district judge, with any final order or judgment entered by the district court. 28 U.S.C. § 157(c)(1)

MEMORANDUM DECISION AND ORDER - 6

(explaining bankruptcy courts have the statutory power "to hear fraudulent conveyance cases and to submit reports and recommendations to district courts"); *In re Hoku Corp.*, 2015 WL 6958069, at *3 (D. Idaho Nov. 10, 2015); *see also* 1 Collier on Bankruptcy ¶ 3.04[2] (16th ed. 2015) (observing that even when withdrawal is mandatory, district courts have permitted bankruptcy courts to conduct pretrial proceedings) (citing In re Pan Am Corp., 133 B.R. 700, 701 (S.D.N.Y. 1991)).

The case will proceed as planned with the Bankruptcy Court for completion of all pretrial matters, as detailed below. The Bankruptcy judge's familiarity with the parties and issues is better suited to resolve these matters until—and if—the case reaches trial.

### IV. CONCLUSION

In sum, the Court will grant the Motion to Withdraw to the extent Defendant asks the Court to withdraw the reference when this case is ready for trial, but will deny the Motion to the extent an immediate withdrawal is sought. The Court will also grant Defendant's Motion for Jury Trial.

### V. ORDER

Now, therefore, IT IS HEREBY ORDERED:

1. Defendant's Motion to Withdraw Reference (Dkt. 1) is GRANTED in PART and DENIED in PART. It is GRANTED to the extent Defendant seeks withdrawal of the reference to the Bankruptcy Court. It is DENIED to the extent Defendant seeks an immediate withdrawal;

2. The Bankruptcy Court will preside over all pretrial matters in this case, including discovery and pretrial conferences, and will resolve routine and non-dispositive

motions. If either party files a dispositive motion, the Bankruptcy Court will consider that motion and submit proposed findings of fact, conclusions of law, and a recommendation for disposition to this Court;

3. The Motion to Demand Jury Trial (Dkt. 2) is GRANTED;

4. If and when it becomes clear that a jury trial will be necessary, and the case is prepared and ready for trial to begin, the Bankruptcy Court shall so certify to this Court and the reference will be withdrawn at that time;

5. Until the Bankruptcy Court certifies that this case is ready for trial, the parties shall file all motions, pleadings, and other papers in the Adversary Proceeding.

DATED: June 22, 2022

David C. Nye
Chief U.S. District Court Judge

MEMORANDUM DECISION AND ORDER - 8